<div align="right">CARROL, 1833.

POE
*v.*
Justices of the Peace.</div>

----·●◉●·----

WILKES, JULY, 1833.

## WRIGHT *vs.* WRIGHT.

### *Bill in Equity.*

THE principal question in this case, is, has the widow a right to claim an interest in advances, received by children, brought into hotch-pot ? If the widow is entitled to an interest in such advances, brought into hotch-pot, the portion of complainant will be diminished. Against the right of the widow, 3 Dess. 199. was relied on. The words of the statute of South Carolina, so far as this question is concerned, are very analogous to those of the act of this State, and indeed even stronger, yet it appears from the authority cited, that the widow is not entitled to any interest in advances made by an intestate. The statute 22 Charles II. is as strong in favor of the widow as the statute of this State. In England it is settled that the widow has no interest in advances made to children, no doubt rests upon the question in the courts of that Kingdom.

In favor of the widow it was contended that the statutes of South Carolina and of Great Britain gave a certain definite portion of the estate to the widow, wholly independent of the children, whereas the statute of Georgia gives her a child's part. Hence it is contended that the decisions of the courts of Great Britain and of South Carolina are entitled to no authority in the courts of this State.

*By the Court.* The statute of distributions in this State, passed in 1804, gives to the widow of an intestate a child's part of his estate both real and personal. The statute of

<div align="right">The widow has no right to claim an interest in advances made to children and brought into hotch-pot: but is confined to her husband's estate at the time of his death.</div>

<div style="margin-left:auto; font-style:italic">WILKES,<br>July, 1833.</div>

WRIGHT<br>
*v.*<br>
WRIGHT.

1821, regulates the question of hotch-pot. One of the reasons upon which the courts of South Carolina exclude the widow from all interest in the advances brought into hotch-pot, is, that the widow is not named in the provision regulating that question. That reason equally applies to the statute of this State : She is not named in the act of 1821, regulating hotch-pot. The statute of distributions of the three countries which have been brought under consideration, confine the interest of the widow to the estate which the husband held, or was entitled to at the time of his death. Can what has been advanced to children in his life time be considered the estate of the husband, at the time of his death? It is believed that this question admits of no other than a negative reply. If this be true, the question is decided. For if such advances were not the estate of the intestate at the time of his death, then the widow can have no claim to it under the statute of distributions.

But the widow is benefited by the act regulating hotch-pot, even if she does not participate in the property brought into hotch-pot. For if that act did not exist, children advanced would have an equal portion with those not advanced, of course the child's part of the widow is increased in proportion to the diminution of the parts of the children advanced in the life time of the intestate. There is another view of the subject which may reconcile the reflecting mind to the exclusion of the widow from all interest in advancements. If settlements have been made upon *femme coverts*, before or after marriage, such settlements would be no bar to her recovery of her child's part of the intestate's estate, unless the deed of settlement should contain an express declaration, that it should be in bar of such child's part.